**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANICE PROGIN, LISA COLLETON, and JOHN DOE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>UMASS MEMORIAL HEALTH CARE, INC., UMASS MEMORIAL COMMUNITY ENTITIES, INC., UMASS MEMORIAL MEDICAL CENTER, INC., UMASS MEMORIAL HEALTHALLIANCE-CLINTON HOSPITAL, INC., MARLBOROUGH HOSPITAL, and HARRINGTON MEMORIAL HOSPITAL, INC.,<br><br>Defendants. | Case No. 4:25-cv-40003-ADB<br><br>**Leave to File Granted on May 4, 2026** |

**DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Plaintiffs Fail to Sufficiently Allege Protected Health Information Was Disclosed .......... 1

B. Plaintiffs Fail To State Their ECPA Claim .......... 3

C. Plaintiffs Fail To State Their Privacy Claims .......... 4

D. Plaintiffs' Negligence Claim Should Be Dismissed .......... 6

E. Plaintiffs' Breach Of Fiduciary Duty Claim Should Be Dismissed .......... 7

F. Plaintiffs' Breach Of Implied Contract Claim Should Be Dismissed .......... 7

G. Plaintiffs' Unjust Enrichment Claim Should Be Dismissed .......... 7

H. Plaintiffs' Chapter 93A Claim Should Be Dismissed .......... 8

III. CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*All Seasons Servs., Inc. v. Comm'r of Health & Hosps. of Bos.*,
416 Mass. 269 (1993) ....................9

*Am. Hosp. Ass'n v. Becerra*,
738 F. Supp. 3d 780 (N.D. Tex. 2024) ....................2, 4

*Angiuoni v. Town of Billerica,*
No. 11-CV-11661-NMG, 2012 WL 12910268 (D. Mass. July 16, 2012) ....................1

*B.K. v. Eisenhower Medical Center*,
721 F. Supp. 3d 1056 (C.D. Cal. 2024) ....................8

*Caine v. Sturdy Mem'l Hosp., Inc.*,
No. 25-CV-10261-ADB, 2026 WL 673483 (D. Mass. Mar. 10, 2026) ....................3

*Commonwealth v. McCue*,
67 Mass. App. Ct. 1113 (2006) ....................6

*Commonwealth v. Welch*,
487 Mass. 425 (2021) ....................6

*Doe v. Cape Cod Healthcare, Inc.*,
No. 23-1236-BLS1 (Mass. Super. Ct. Nov. 20, 2020) ....................8, 9

*Doe v. Emerson Hospital*,
No. 2277CV01000, 2023 WL 8869624 (Mass. Super. Nov. 22, 2023) ....................5, 7

*Doe v. Lawrence Gen. Hosp.*,
No. 25-CV-10081, 2025 WL 2808055 (D. Mass. Aug. 29, 2025) ....................3, 4

*Doe v. Post Acute Medical, LLC*,
No. 1:24-CV-547, 2025 WL 511069 (M.D. Pa. Feb. 14, 2025) ....................8

*Doe v. Tenet Healthcare Corp.*,
731 F. Supp. 3d 142 (D. Mass. 2024) ....................5, 6

*Hannant v. Sarah D. Culbertson Memorial Hosp.*,
No. 4:24-CV-04164-SLD-RLH, 2025 WL 2413894 (C.D. Ill. Aug. 20, 2025) ....................1

*Nienaber v. Overlake Hosp. Med. Ctr.*,
733 F. Supp. 3d 1072 (W.D. Wash. 2024) ....................8

*Polay v. McMahon*,
468 Mass. 379 (2014) ....................4

*Rand v. Eyemart Express, LLC*,
No. 3:24-CV-000621-N, 2024 WL 4376162 (N.D. Tex. Oct. 1, 2024) ....................3

*Rand v. Eyemart Express, LLC*,
No. 3:24-CV-621-N, 2025 WL 1519726 (N.D. Tex. May 27, 2025) ....................3

*Shaulis v. Nordstrom, Inc.*
865 F.3d 1 (1st Cir. 2017) ....................8

*Stein v. Edward-Elmhurst Health*,
No. 23-CV-14515, 2025 WL 580556 (N.D. Ill. Feb. 21, 2025) ....................3

*Vita v. New England Baptist Hosp.*,
494 Mass. 824 (2024) ....................7

*Wayne Inv., Inc. v. Gulf Oil Corp.*,
739 F.2d 11 (1st Cir. 1984) ....................2

*Willitts v. Engie N. Am. Inc.*,
No. 20-CV-11255-ADB, 2021 WL 2322833 (D. Mass. June 7, 2021) ....................7

**Statutes**

M.G.L. c. 93A ....................8

M.G.L. c. 214, § 1B ....................4

## I. INTRODUCTION

Plaintiffs' amendments still do not plausibly allege that Defendants (collectively, "UMass Memorial") violated the Health Insurance Portability and Accountability Act ("HIPAA"), Massachusetts privacy statutes, or common-law tort duties. Nor do they state a claim sufficient to trigger the crime-tort exception to the Electronic Communications Privacy Act ("ECPA"). Plaintiffs do not plausibly allege that UMass Memorial, a non-profit health care organization, used web analytics tools on its website for the purpose of committing a crime or tort. And their assertion that personal health information—including patient status—was disclosed without consent rests on conclusory allegations, not well-pled facts in the Second Consolidated Amended Complaint ("Complaint" or "SCAC"). Those pleading deficiencies are fatal to each claim. The Complaint should therefore be dismissed in its entirety.

## II. ARGUMENT

### A. Plaintiffs Fail to Sufficiently Allege Protected Health Information Was Disclosed

Plaintiffs' claims depend on a single allegation, made "[o]n information and belief," that UMass Memorial "installed tracking technologies inside of its patient portal." SCAC ¶ 33. Plaintiffs argue that such pleading is permissible if they have a good-faith basis for it. Opp. at 10 n.14 (citing *Angiuoni v. Town of Billerica*, No. 11-CV-11661-NMG, 2012 WL 12910268, at *6 (D. Mass. July 16, 2012), *report and recommendation adopted sub nom. Angiuoni v. Billerica, Town of*, 2012 WL 12950635 (D. Mass. Sept. 27, 2012)). But courts have rejected similarly conclusory "information and belief" allegations asserting disclosure of patient-portal activity. *See, e.g., Hannant v. Sarah D. Culbertson Memorial Hosp.*, 2025 WL 2413894, at *5 (C.D. Ill. Aug. 20, 2025) (holding that "an allegation that patient status was disclosed, standing alone, is closer to a legal conclusion than a factual allegation," and rejecting allegations made "'[o]n

information and belief'" that the defendant disclosed the plaintiff's "status as a patient" and "patient portal activity" where the complaint provided no detail about what information was disclosed or what portal activity occurred).

As Plaintiffs' successive complaints show, their allegations depend heavily on "[The] Markup's investigation." SCAC ¶ 354; *see also id.* ¶¶ 202, n.62, 210, n.70. Significantly, *The Markup* article relied upon by Plaintiffs in fact reported that UMass Memorial *did not* have Pixel tracking enabled on its appointment-scheduling page and further *did not* identify UMass Memorial as one of the health systems with Pixel tracking enabled inside a password-protected patient portal. *See* https://themarkup.org/pixel-hunt/2022/06/16/facebook-is-receiving-sensitive-medical-information-from-hospital-websites (cited in SCAC ¶¶ 202, 210). Plaintiffs thus had constructive notice from their own cited source that UMass Memorial did not enable "tracking technologies" on the appointment-scheduling page or inside its patient portal. As a result, the lone allegation in Paragraph 33 based "upon information and belief", and the conclusions that flow from it, should therefore be disregarded as unsupported, conclusory, and contrary to the material relied upon and cited by Plaintiffs in their Second Amended Complaint. *See Wayne Inv., Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13–14 (1st Cir. 1984) (allegations based on "information and belief" do not satisfy particularity requirements unless the complaint sets forth the facts on which the belief is founded, even if those facts are "peculiarly within the knowledge of the opposing party").

Once Plaintiffs' unsupported "information and belief" allegations about the patient portal are set aside, the redlines in Plaintiffs' Exhibit 1 to their Opposition do not materially change the pleading. Plaintiffs are left with alleged public website browsing that, at most, is merely "indicative" of PHI—insufficient to qualify as IIHI. *See Am. Hosp. Ass'n v. Becerra*, 738 F.

Supp. 3d 780, 801 (N.D. Tex. 2024). Plaintiffs attempt to minimize *Becerra* in a footnote, but other courts have followed its reasoning in dismissing ECPA claims for failure to plead facts showing that any private health information was shared through public website browsing. *See Rand v. Eyemart Express, LLC*, No. 3:24-CV-000621-N, 2024 WL 4376162, at *4 (N.D. Tex. Oct. 1, 2024) (quoting *Becerra*'s "Identity (Person A) + Query (Condition B) ≠ IIHI (Person A has Condition B)" formula and dismissing an ECPA claim because "Plaintiffs have failed to plead facts that plausibly establish that they shared any private health information with Meta"); *see also Rand v. Eyemart Express, LLC*, No. 3:24-CV-621-N, 2025 WL 1519726, at *5 (N.D. Tex. May 27, 2025) (dismissing amended ECPA claim with prejudice); *see also* ECF No. 52 at 6 (citing cases).

**B. Plaintiffs Fail To State Their ECPA Claim**

Plaintiffs do not dispute that, unless the crime-tort exception applies, their ECPA claim against Defendants fails as a matter of law and must be dismissed. Plaintiffs contend that UMass Memorial's alleged use of third-party analytics on its public website—which they say resulted in a purported HIPAA violation and invasion of privacy—is enough to invoke the exception. Opp. at 8–14. It is not. That argument is unsupported by the statute and by decisions within this Circuit.

Because "'purpose is an essential element of the ECPA,'" a plaintiff invoking the crime-tort exception must "plead facts showing that [the defendant] purposefully—not merely knowingly or negligently—committed criminal or tortious acts." *Caine v. Sturdy Mem'l Hosp., Inc.*, No. 25-CV-10261-ADB, 2026 WL 673483, at *3 (D. Mass. Mar. 10, 2026) (quoting *Doe v. Lawrence Gen. Hosp.*, No. 25-CV-10081, 2025 WL 2808055, at *12 (D. Mass. Aug. 29, 2025), and citing *Stein v. Edward-Elmhurst Health*, No. 23-CV-14515, 2025 WL 580556, at *6 (N.D. Ill. Feb. 21, 2025)). Plaintiffs try to meet that standard by sprinkling the word "purposefully"

throughout the amended complaint. But labels do not cure deficient facts. Their allegations remain fundamentally unchanged and conclusory.

Plaintiffs' argument that Defendants purposefully committed a crime or tort is wholly dependent on their claim that IIHI was disclosed. However, Plaintiffs do not plausibly allege any interceptions from a patient portal or bill-pay portal. As this Court has recognized, "[w]hen there is no access to a patient portal or bill pay portal, the assumption seems to be that no actual IIHI is implicated." *Doe v. Lawrence Gen. Hosp.*, No. 25-CV-10081-NMG, 2025 WL 2808055, at *15 (D. Mass. Aug. 29, 2025). And because Plaintiffs' patient-portal allegations should be disregarded for the reasons explained above, they are left with alleged public-website browsing. Under both the *Lawrence General* and *Becerra* decisions, that is not enough: general browsing on a public healthcare website does not disclose individualized health information. *Id.*; *Becerra*, 738 F. Supp. 3d at 801–04 (information merely "indicative" of PHI, such as browsing activity on a public healthcare website, does not qualify as IIHI).

Because Plaintiffs do not plead facts showing that UMass Memorial deployed website analytics technologies for the independent purpose of committing a crime or tort, the crime-tort exception does not apply. Plaintiffs' ECPA claim should therefore be dismissed.

**C. Plaintiffs Fail To State Their Privacy Claims**

To state an invasion-of-privacy claim under the MRPA, G.L. c. 214, § 1B, Plaintiffs must plausibly allege an invasion that is "both unreasonable and substantial or serious." *Polay v. McMahon*, 468 Mass. 379, 382 (2014). Although "[g]enerally, whether an intrusion qualifies as unreasonable, as well as either substantial or serious, presents a question of fact," that does not insulate deficient pleadings from dismissal. *Id.* at 383. Plaintiffs' lone "information and belief" allegation that UMass Memorial "installed tracking technologies inside of its patient portal" does not allege that any physician-patient communications or medical records were disclosed, nor

does it identify any transmitted communication at all. *See* SCAC ¶ 33. To save their claim, Plaintiffs conflate public website browsing and alleged patient-portal activity—which is not plausibly alleged to have been transmitted—with the disclosure of actually sensitive or personal medical information. Opp. at 15 (citing SCAC ¶¶ 22–32, 273–89).

The cases Plaintiffs cite underscore the deficiency. In *Doe v. Tenet Healthcare Corp.*, the plaintiff alleged that she used Tenet's website to "schedule appointments, search for information, and access the patient portal," and that she then received targeted advertisements tied to specific health conditions, including weight loss and diabetes. 731 F. Supp. 3d 142, 147–48, 151–52 (D. Mass. 2024). Likewise, in *Doe v. Emerson Hospital*, the plaintiff alleged that information about his specific concussion treatment and appointments at Emerson was transmitted to Meta. 2023 WL 8869624, at *1, *5 (Mass. Super. Nov. 22, 2023).

Here, Plaintiffs do not plausibly allege that comparable medical information was transmitted to any third party. In Plaintiffs' Opposition they repeatedly emphasize that they have alleged that Plaintiffs' actions of scheduling of appointments and paying bills was disclosed. However, a careful read of the allegations demonstrates that those actions occur within the patient portal. See SCAC ¶¶ 27, 235. As addressed above, Plaintiffs' allegation that there was tracking technology inside the patient portal, however, is based on a single "upon information and belief" conclusory allegation that is directly contradicted by the *Markup* article upon which the Plaintiffs' rely and cite. Once Plaintiffs' unsupported "information and belief" allegations are set aside, their claim resembles the allegations dismissed in *B.K. v. Eisenhower Medical Center* and *Cousin v. Sharp Healthcare*, where the courts held that routine searches and inquiries on public healthcare websites did not support invasion-of-privacy claims. *B.K.*, 721 F. Supp. 3d 1056, 1067 (C.D. Cal. 2024); *Cousin*, 681 F. Supp. 3d 1117, 1123 (S.D. Cal. 2023).

Massachusetts courts have found no reasonable expectation of privacy in circumstances more sensitive than public website browsing. *See, e.g., Commonwealth v. Welch*, 487 Mass. 425, 433–34 (2021) (busy hospital emergency room was not a location where a suspect had a reasonable expectation of privacy); *Commonwealth v. McCue*, 67 Mass. App. Ct. 1113, at *1–2 (2006) (unpublished) (similar).

**D. Plaintiffs' Negligence Claim Should Be Dismissed**

Plaintiffs' negligence claim depends on an alleged duty to protect her PHI or IIHI. But as explained above, Plaintiffs have not plausibly alleged that her public-website browsing disclosed PHI, IIHI, or any other protected confidential health information. Their negligence claim therefore fails at the outset.

Plaintiffs contend that UMass Memorial "does not dispute that if there is a duty, its sharing of Plaintiffs' personal and private medical information and communications without their consent and in violation of the law and social norms, sufficiently alleges a breach." Opp. at 19 n.25. This, however, is irrelevant as Plaintiffs have not sufficiently alleged that UMass Memorial shared PHI or IIHI, and so a breach has not been sufficiently alleged.

Plaintiffs' reliance on *Tenet* is misplaced. Opp. at 19 (citing *Tenet*, 731 F. Supp. 3d at 149). There, unlike here, the plaintiff alleged that the defendant transmitted personal health information to Meta, including her specific health conditions, treatments, and appointment time and location, and that those disclosures caused her to receive targeted advertisements for diabetes and obesity. *Tenet*, 731 F. Supp. 3d at 147–48. Plaintiffs allege no comparable facts. Plaintiffs do not plausibly allege that they used UMass Memorial's public website in a way that transmitted protected confidential health information, much less facts supporting a negligence claim based on any such disclosure.

**E. Plaintiffs' Breach Of Fiduciary Duty Claim Should Be Dismissed**

Plaintiffs' breach of fiduciary duty claim fails because, unlike the cases cited in the Opposition, Plaintiffs fail to adequately plead sufficient allegations regarding the Plaintiffs. As addressed above, Plaintiffs' reliance on the decision in *Emerson* is misplaced since those allegations were more robust and included the alleged transmission of "exact contents of communications." *Emerson*, 2023 WL 8869624, at *3 (finding fiduciary duty exists because allegations included "the exact contents of communications exchanged between Plaintiff and/or Class Members with Defendant, including but not limited to information about treating doctors, potential doctors, conditions, *treatments*, appointments, search terms, bill payment, and logins to Defendant's website" (quoting complaint; emphasis added in decision)). Here, Plaintiffs have not sufficiently alleged that any communication with any of their physicians were ever disclosed. *See Willitts v. Engie N. Am. Inc.*, 2021 WL 2322833, at *4 (D. Mass. June 7, 2021) (dismissing breach of confidentiality claim based on "no disclosure by a physician").

**F. Plaintiffs' Breach Of Implied Contract Claim Should Be Dismissed**

With respect to its implied contract claim, Plaintiffs' Opposition ignores that the *Emerson* court acknowledged that there was no case law from the Commonwealth clearly on point and there are courts from other jurisdictions that have held that an implied contract is not viable. *Emerson*, 2023 WL 8869624, at *4. Given the Plaintiffs' insufficient factual allegations and for the reasons addressed in UMass Memorial's memorandum in support of its motion, their breach of contract claim should be dismissed for failure to state a claim.

**G. Plaintiffs' Unjust Enrichment Claim Should Be Dismissed**

Plaintiffs misrepresent the SJC's holding in *Vita*, which did not assess the viability of an unjust enrichment claim nor conclude that an "unjust enrichment claim is 'cognizable' based on hidden tracking technologies." *Vita v. New England Baptist Hosp.*, 494 Mass. 824, 849–850

(2024). Further, there is no plausible basis to consider whether Plaintiffs conferred any "benefit" to UMass Memorial or whether there was any "value" associated with the purported benefit, which other courts have recognized in dismissing similar claims. *See Doe v. Post Acute Medical, LLC*, 2025 WL 511069, *9 (M.D. Pa. Feb. 14, 2025) (lack of specific facts regarding what information was disclosed, to whom, under what circumstances and whether the information was linked to Doe specifically required dismissal of unjust enrichment claim); *Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072, 1093–94 (W.D. Wash. 2024) (dismissing unjust enrichment claim for lack of pleading "a concrete detriment for purposes of an unjust enrichment claim"); *B.K.*, 721 F. Supp. 3d at 1070 ("Without specific allegations about the underlying information that was allegedly disclosed, it is unclear to the Court how, if at all, Defendant was unjustly enriched"). Plaintiffs' pleading of other causes of action arising from the same alleged conduct further supports dismissal of her unjust enrichment claim. *Shaulis v. Nordstrom, Inc.* 865 F.3d 1, 16 (1st Cir. 2017) ("a party with an adequate remedy at law cannot claim unjust enrichment").

### H. Plaintiffs' Chapter 93A Claim Should Be Dismissed

Plaintiffs' Chapter 93A claim fails because Plaintiffs' own allegations show that UMass Memorial operates its website and patient portal in furtherance of its core mission of providing medical services. Their conclusory assertions to the contrary do not plausibly establish that UMass Memorial's alleged conduct was "taken in trade or commerce" within the meaning of Chapter 93A.

The Business Litigation Session of the Suffolk County Superior Court recently dismissed a Chapter 93A claim under similar alleged facts. *See Doe v. Cape Cod Healthcare, Inc.*, No. 23-1236-BLS1 (Mass. Super. Ct. Nov. 20, 2020), attached as Exhibit A. The court recognized that, for nonprofit healthcare institutions like Cape Cod Healthcare (and UMass Memorial), the "core

mission relates to 'its primary function of providing medical services.'" *Id.* (quoting *All Seasons Servs., Inc. v. Comm'r of Health & Hosps. of Bos.*, 416 Mass. 269, 271 (1993)). The court then held that allegations materially like Plaintiffs' were too conclusory to plausibly allege that a healthcare institution acted in a "commercial or business context," and dismissed the claim:

> Here, plaintiffs do not allege that CCHC entered into a contract to sell PII/PHI or that CCHC uses the tracking software to do anything other than enhance its ability to promote its services. Here, those services are the provision of medical services. Any potential marketing advantages CCHC might have gleaned from the tracking software were within CCHC's core mission to provide medical services. *See, e.g.*, *Shedd v. Sturdy Mem. Hosp., Inc.*, 2022 WL 1102524, at **6–7 (Mass. Super. Apr. 5, 2022) (Squires-Lee, J.) (dismissing claim under G.L. c. 93A where defendant "is a non-profit corporation formed to operate a hospital and provide surgical and medical treatment and care of the sick and injured" and "does not receive and retain confidential PII to make a profit but does so as part of its provision of medical care"). To the extent plaintiffs allege CCHC's actions were in a "commercial or business context," they are conclusory. Because plaintiffs have failed to plausibly allege that CCHC was engaged in "trade or commerce" as that phrase is used in G.L. c. 93A, I must dismiss Count V.

*Id.* at 3–4 (footnote omitted). Plaintiffs' allegations are likewise conclusory and deficient. Their Chapter 93A claim should therefore be dismissed.

## III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in UMass Memorial's opening memorandum, UMass Memorial respectfully requests that the Court dismiss the Second Consolidated Amended Complaint with prejudice.

Dated: June 26, 2026

Respectfully submitted,

*/s/ Elizabeth A. Scully*

Elizabeth A. Scully (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W., Suite 1100
Washington, DC 20036-5304
escully@bakerlaw.com
T: (202) 861-1500

James H. Rollinson (BBO #649407)
BAKER & HOSTETLER LLP
127 Public Street, Suite 2000
Cleveland, OH 44116
jrollinson@bakerlaw.com

Paul G. Karlsgodt (*pro hac vice* to be filed)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
pkarlsgodt@bakerlaw.com

Stephen T. Paterniti (BBO #564860)
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
Stephen.Paterniti@jacksonlewis.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 26, 2026, a copy of the foregoing was served via CM/ECF which will serve the Plaintiffs' counsels of record.

*<u>/s/ Elizabeth A. Scully</u>*
Elizabeth A. Scully (admitted *pro hac vice*)
BAKER & HOSTETLER LLP

*Attorney for Defendants*